**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAMIEN DRAPER,

     Petitioner,

                          CASE NO. 2:06-CV-12405
v.                       HONORABLE VICTORIA A. ROBERTS
                         UNITED STATES DISTRICT JUDGE

JAN TROMBLEY,

     Respondent.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

     Damien Draper, ("Petitioner"), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his application, filed *pro se*, Petitioner challenges his conviction for first-degree felony murder, M.C.L.A. 750.316; M.S.A. 28.548. [1]  Respondent has filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1).  Petitioner has filed a response to the motion for summary judgment.  For the reasons stated below, the Petition for Writ of Habeas Corpus is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 2244(d)(1).

### I.  Background

     Petitioner was convicted of the above offense by a jury in the Oakland County Circuit Court and was sentenced on September 30, 1997.  Petitioner's direct appeals with

---

[1]  Petitioner was also convicted of first-degree child abuse, but this conviction was vacated on appeal.

the Michigan courts ended on August 28, 2001, when the Michigan Supreme Court denied him leave to appeal after the Michigan Court of Appeals affirmed his conviction. *People v. Draper,* 465 Mich. 865; 634 N.W. 2d 353 (2001).

Petitioner claims that he filed a post-conviction motion for relief from judgment with the Oakland County Circuit Court on or about June 27, 2002. On December 4, 2002, the Oakland County Circuit Court rejected Petitioner's post-conviction motion and returned it to him, on the ground that the 85 pages of documents filed by Petitioner exceeded the 20 page limit for motions dictated by M.C.R. 2.119(A)(2). [2] Petitioner then resubmitted his motion for relief from judgment. Petitioner does not indicate on which date that the motion was resubmitted, but the Oakland County Circuit Court docket sheets indicate that the motion for relief from judgment was filed with that court on February 7, 2003. [3] After the trial court and the Michigan Court of Appeals denied Petitioner's post-conviction motion, post-conviction proceedings ended in the state courts when the Michigan Supreme Court denied Petitioner's leave to appeal the denial of his post-conviction motion on November 29, 2005. *People v. Draper,* 474 Mich. 940; 706 N.W. 2d 18 (2005).

Petitioner's habeas application was filed with the United States District Court for

---

[2] *See* Letter from M.S. Garin, Judicial Staff Attorney to the Honorable Steven N. Andrews, attached to Petitioner's Reply Brief in Opposition to Respondent's Motion for Summary Judgment.

[3] *See People v. Draper,* Oakland County Circuit Court State Court Record - Case No. 1995-137977-FC [This Court Dkt. Entry # 9]; Docket entries also attached to Petitioner's Reply Brief.

the Western District of Michigan on May 4, 2006. [4]  On May 25, 2006, the Petition for

Writ of Habeas Corpus was transferred to this district.

## II.  Discussion

The Petition for Writ of Habeas Corpus must be dismissed because it has not been

filed within the one year statute of limitations.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed

into law on April 24, 1996, amended the habeas corpus statute in several respects, one of

which was to mandate a statute of limitations for habeas actions.  28 U.S.C. § 2244(d)

imposes a one-year statute of limitations upon petitions for habeas relief:

> (1)  A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court.  The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
> (B)  the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States is
> removed if the applicant was prevented from filing by such State action;
> (C)  the date on which the constitutional right asserted was originally
> recognized by the Supreme Court if the right has been newly recognized by
> the Supreme Court and made retroactively applicable to cases on collateral
> review; or
> (D)  the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.

A petition for writ of habeas corpus must be dismissed where it has not been filed

---

[4]  Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on
May 4, 2006, the date that it was signed and dated, despite the existence of some evidence that it may have been
filed later with the Western District of Michigan. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich.
2001).

within the one year statute of limitations. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 749 (E.D. Mich. 2002).

Petitioner's direct appeals with the Michigan courts were completed on August 28, 2001, when the Michigan Supreme Court denied his application for leave to appeal the affirmance of his conviction by the Michigan Court of Appeals. Petitioner's conviction became final, for purposes of § 2244(d)(1), when the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final on November 26, 2001, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Grayson*, 185 F. Supp. 2d at 750. Absent state collateral review, Petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than November 26, 2002 in order for the petition to be timely filed.

Petitioner claims that he initially filed his post-conviction motion for relief from judgment on or about June 27, 2002, after two hundred and thirteen days had already elasped on the one year limitations period. Petitioner has provided no proof to this Court to show that he actually filed his post-conviction motion on this date. Nevertheless, assuming that Petitioner initially filed his post-conviction motion on this date, the Court notes that this motion was later rejected by the trial court because it exceeded the page limits for motions set forth in M.C.R. 2.119(A)(2).

An application for state post-conviction relief is considered "properly filed", for purposes of triggering the tolling provisions of 28 U.S.C. § 2244(d)(2), when "its delivery

4

and acceptance are in compliance with the applicable laws and rules governing filings,
e.g. requirements concerning the form of the document, the court and office in which it
must be lodged, payment of a filing fee, and applicable time limits upon its delivery."
*Israfil v. Russell,* 276 F. 3d 768, 771 (6th Cir. 2001).

In this case, the trial court rejected Petitioner's post-conviction motion because it
exceeded the twenty page limit set forth for motions in M.C.R. 2.119(A)(2).  The twenty
page limitation set forth for motions in M.C.R. 2.119(A)(2) is applicable to post-
conviction motions filed pursuant to M.C.R. 6.500, *et. seq. See People v. Collier,* 2005
WL 1106501, *2 (Mich.Ct. App. May 10, 2005); *See also Bradford v. Wolfenbarger,*
2006 WL 508630, *10 (E.D. Mich. February 28, 2006)(holding that claim was
procedurally defaulted, where state trial court rejected petitioner's post-conviction motion
in which the claim was raised because the motion exceeded the twenty page limit set forth
in M.C.R. 2.119(A)(2)).

Because federal courts defer to state courts on issues of state law and procedure,
this Court must defer to the state trial court's finding that Petitioner's post-conviction
motion was not filed in substantial compliance with the filing requirements for post-
conviction motions. *See Vroman v. Brigano,* 346 F. 3d 598, 603 (6th Cir. 2003); *Israfil,*
276 F. 3d at 771-72.  Thus, the state trial court's determination whether Petitioner's post-
conviction motion was properly filed governs whether Petitioner's post-conviction
motion action tolled the statute of limitations under § 2244(d)(2). *Vroman,* 346 F. 3d at
603.  Because Petitioner's post-conviction motion was rejected for failing to conform

5

with M.C.R. 2.119(A)(2), Petitioner's motion for relief from judgment was not properly

filed and did not toll the limitations period pursuant to § 2244(d)(2). *See Herbert v. Jones,*

351 F. Supp. 2d 674, 677 (E.D. Mich. 2005).

Petitioner re-filed his post-conviction motion for relief from judgment on February

7, 2003, after the one year limitations period had already expired.  A state court

post-conviction motion that is filed following the expiration of the limitations period

cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period

remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002);

*Webster v. Moore*, 199 F. 3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.

3d 638, 641 (6th Cir. 2003).  Therefore, Petitioner's properly filed post-conviction motion

did not toll the running of the statute of limitations.

Moreover, assuming, for the sake of argument that the one year limitations period

was tolled pursuant to 28 U.S.C. § 2244(d)(2) from the time that Petitioner claims that he

filed his first post-conviction motion on June 27, 2002, his petition would still be

untimely.  As mentioned above, the one year limitations period commenced running on

November 26, 2001, when Petitioner's conviction became final.  When Petitioner initially

filed his motion on June 27, 2002, two hundred and thirteen days had already elapsed on

the one year limitations period.  Post-conviction review ended in Petitioner's case when

the Michigan Supreme Court denied Petitioner's application for leave to appeal on

November 29, 2005.  Petitioner would not be entitled to further tolling of the limitations

period for the ninety day period that he could have sought certiorari from the denial of his

post-conviction appeal by the Michigan Supreme Court, because a petition for writ of

certiorari is not considered part of a state's post-conviction procedures, so as to toll the

limitations period pursuant to 28 U.S.C. § 2244(d)(2). *See Lawrence v. Florida,* 127 S.

Ct. 1079, 1083-85 (2007)(holding that the one-year statute of limitations period was not

tolled pursuant to § 2244(d)(2) during the pendency of a petition for certiorari to the

United States Supreme Court seeking review of the denial of state post-conviction relief).

The one year limitations period therefore began resuming on November 29, 2005.

Petitioner had one hundred and fifty two days remaining under the one year limitations

period, which in this case would have expired on May 1, 2006.  Because Petitioner's

habeas application was not filed until three days later on May 4, 2006, the instant petition

is untimely.

The AEDPA's limitations period is subject to equitable tolling. *Dunlap v. United*

*States*, 250 F. 3d 1001, 1004 (6th Cir. 2001).  The doctrine of equitable tolling should be

used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation

for his failure to timely file his habeas petition," a petitioner would fail to exercise due

diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the

limitations period. *Id.* at p. 1010.  The burden is on a habeas petitioner to show that he or

she is entitled to the equitable tolling of the one year limitations period. *Jurado,* 337 F. 3d

at 642.

In his reply to the motion for summary judgment, Petitioner contends that he is

entitled to equitable tolling because the trial court failed to return his deficient post-

conviction motion for almost six months after he claims that he filed it.  Petitioner is not

entitled to equitable tolling on this basis.  It was Petitioner's act of filing a post-conviction

motion that was well in excess of the twenty page limitation set forth in M.C.R.

2.119(A)(2), and not any action on the part of the State of Michigan, which caused his

initial post-conviction motion to be improperly filed, for purposes of § 2244(d)(2).

Therefore, the fact that the Oakland County Circuit Court retained Petitioner's improperly

filed post-conviction motion beyond the expiration period of the AEDPA's limitations

period would not justify equitable tolling of the limitations period. *See Larry v. Dretke,*

361 F. 3d 890, 897-98 (5th Cir. 2004).  Moreover, Petitioner's alleged ignorance of the

page limitations set forth in M.C.R. 2.119(A)(2) would not justify tolling of the

limitations period.  An inmate's lack of legal training, poor education, or even his

illiteracy does not give a federal court a reason to toll the AEDPA's limitations period.

*Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002).  In any event, as mentioned above,

even if this Court were to equitably toll the limitations period for the time that Petitioner's

improperly filed post-conviction motion was pending in the state courts, Petitioner's

habeas application is still untimely.

Finally, although the one year statute of limitations may be equitably tolled based

upon a credible showing of actual innocence, *see Souter v. Jones,* 395 F. 3d 577, 599-600

(6th Cir. 2005), Petitioner's case falls outside of the actual innocence tolling exception

enunciated in *Souter,* because Petitioner has presented no new, reliable evidence to

establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417

8

F. 3d 552, 556 (6th Cir. 2005).  Petitioner's sufficiency of evidence claim [Claim # 1]

cannot be considered by this Court in determining whether an actual innocence exception

exists in this case for purposes of tolling the statute of limitations period. *Grayson,* 185 F.

Supp. 2d at 752.

### III.  Conclusion

The Court will summarily dismiss the current petition, because it was filed outside

of the one year limitations period contained in § 2244(d)(1).  The Court will also deny

Petitioner a Certificate of Appealability.  28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b)

state that an appeal from the district court's denial of a writ of habeas corpus may not be

taken unless a certificate of appealability (COA) is issued either by a circuit court or

district court judge.  If an appeal is taken by an applicant for a writ of habeas corpus, the

district court judge shall either issue a certificate of appealability or state the reasons why

a certificate of appealability shall not issue. F.R.A.P. 22(b).  To obtain a certificate of

appealability, a prisoner must make a substantial showing of the denial of a constitutional

right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claims, a certificate of appealability

should issue, and an appeal of the district court's order may be taken, if the petitioner

shows that jurists of reason would find it debatable whether the petitioner states a valid

claim of the denial of a constitutional right, and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling. *Slack v.*

9

*McDaniel*, 529 U. S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted. *Id.*

The Court will deny Petitioner a Certificate of Appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner had filed his habeas petition outside of the one year limitations period. *Grayson,* 185 F. Supp. 2d at 753.  The Court will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### IV.   ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

**S/Victoria A. Roberts_____**
**Victoria A. Roberts**
**United States District Judge**

**Dated:  April 4, 2007**

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on April 4, 2007.

S/Carol A. Pinegar
Deputy Clerk