**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAMIEN DRAPER,

    Petitioner,

v.

    CASE NO. 2:06-CV-12405
    HONORABLE VICTORIA A. ROBERTS
    UNITED STATES DISTRICT JUDGE

JAN TROMBLEY,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S FEDERAL 60(b)(2)(3) MOTION TO REHEAR THE DECISION ON PETITIONER'S HABEAS CORPUS PETITION

On April 4, 2007, this Court issued an opinion and order summarily dismissing Petitioner's application for habeas relief on the ground that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). The Court also denied Petitioner a certificate of appealability and leave to appeal *in forma pauperis. Draper v. Trombley,* No. 2007 WL 1041252 (E.D.Mich. April 4, 2007). Petitioner has now filed what is essentially a Rule 60(b) motion for relief from judgment. For the reasons stated below, the motion is DENIED.

Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

1

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,
(6) any other reason justifying relief from the operation of the judgment.

The party that seeks to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. *See Jinks v. AlliedSignal, Inc.,* 250 F. 3d 381, 385 (6th Cir. 2001). A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. *See Miles v. Straub,* 90 Fed. Appx. 456, 458 (6th Cir. 2004).

In his motion for relief from judgment, Petitioner contends that he is entitled to equitable tolling of the limitations period, because he was impeded from timely filing his habeas petition due to the fact that he initially filed his first post-conviction motion for relief from judgment with the Oakland County Circuit Court on June 27, 2002, when two hundred and thirteen days had already elapsed under the one year limitations period, but that the Oakland County Circuit Court held onto this motion for five months and seven days, before rejecting the motion because it exceeded the twenty page limit set forth for motions in M.C.R. 2.119(A)(2).

Petitioner's equitable tolling argument was considered by the Court and rejected at the time that the Court issued its opinion and order of summary dismissal. As this Court

noted in its original opinion and order:

> It was Petitioner's act of filing a post-conviction motion that was well in excess of the twenty page limitation set forth in M.C.R. 2.119(A)(2), and not any action on the part of the State of Michigan, which caused his initial post-conviction motion to be improperly filed, for purposes of § 2244(d)(2). Therefore, the fact that the Oakland County Circuit Court retained Petitioner's improperly filed post-conviction motion beyond the expiration period of the AEDPA's limitations period would not justify equitable tolling of the limitations period. *See Larry v. Dretke,* 361 F. 3d 890, 897-98 (5th Cir. 2004). Moreover, Petitioner's alleged ignorance of the page limitations set forth in M.C.R. 2.119(A)(2) would not justify tolling of the limitations period. An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). In any event, as mentioned above, even if this Court were to equitably toll the limitations period for the time that Petitioner's improperly filed post-conviction motion was pending in the state courts, Petitioner's habeas application is still untimely.

*Draper v. Trombley,* 2007 WL 1041252, Slip. Op. at * 4.

The Court will deny Petitioner's motion for relief from judgment because he is essentially religitating an issue already considered and rejected by this Court. A Rule 60(b) motion does not serve as a substitute for an appeal, or bring up for review a second time the merits of the district court's decision dismissing a habeas petition. *Rodger v. White*, 996 F. 2d 1216, 1993 WL 210696, * 1 (6th Cir. June 15, 1993)*; See also Matura v. United States*, 189 F.R.D. 86, 89 (S.D.N.Y. 1999). The Court will deny Petitioner's 60(b)(1) motion for relief from judgment, because he has failed to offer any arguments which this Court has not already previously considered and rejected in its prior order. *See Brumley v. Wingard,* 269 F. 3d 629, 647 (6th Cir. 2001).

**ORDER**

**IT IS HEREBY ORDERED** that Petitioner's Federal 60(b)(2))(3) Motion to Rehear the Decision on Petitioner's Habeas Corpus Decision [Dkt. # 30] is **DENIED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: November 26, 2007

> The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on November 26, 2007.
>
> s/Carol A. Pinegar  
> Deputy Clerk